FILED: MARCH 17, 2008
08CV848    KC
JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON

RECEIVED
FEB 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FEB 08 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 95-CR-508-4

ANDREW HOWARD,

    Defendant.

### DEFENDANT'S MOTION FOR THE RETURN OF PROPERTY (PHOTOGRAPHS) THAT WERE SEIZED AT 425 E. 89th ST. CHICAGO, ILLINOIS 60609 ON AUGUST 31, 1995

COMES NOW ANDREW HOWARD, the defendant herein and pursuant to Fed.R.Crim.P. 41(g), moves this Honorable Court for an order directing the return of his property (photographs) that were seized by the government and/or agents of the government on August 31, 1995 in the above-captioned criminal case. In support thereof, defendant states as follows:

1. The procedural background of this case is adequately set forth in United States v. Hoover, 246 F.3d 1054 (7th Cir. 2001), and will not be reiterated here.

2. Agents for the United States government and/or State of Illinois, seized personal property (photographs) belonging to defendant which consisted of a couple of hundred photographs on August 31, 1995, at 425 E. 89th Street, Chicago, Illinois 60609.

3. Defendant now seeks the return of his personal property mentioned supra., pursuant to Fed.R.Crim.P. 41(g).

08CV848
JUDGE LEINENWEBER
MAGISTRATE JUDGE MASON

ARGUMENT

Federal Rules of Criminal Procedure 41(g) allows for th return of seized property even when a search is lawful. See <u>In re Search of the Office of Ken Tylman</u>, 245 F.3d 978, 980 (7th Cir. 2001). Rule 41(g) provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and siezure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district court where the property was siezed. The court must receive evidence on any factual issue necessary to decide the motion.

Fed. R. Crim. P. 41(g)(emphasis added).

A Rule 41(g) motion is properly brought to recover property seized lawfully when the government holds the property an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property. See <u>United States v. Sims</u>, 376 F.3d 705, 708 (7th Cir. 2004); see also <u>Okoro v. Callaghan</u>, 324 F.3d 488, 490 (7th Cir. 2003)(noting that a claim under Rule 41(g) may be brought after, as well as before, a defendant's conviction).

Therefore, the test of whether property should be returned is whether the Government's retention of it is reasonable. <u>In re: Search of the Office of Ken Tylman</u>, 245 F.3d at 980; Advisory Committee Notes to Fed. R. Crim. P. 41. According to the Advisory Committee Notes to Federal Rule of Criminal Procedure 41(g), "If the United States has a need for the property in an investigation or prosecution, its retention

of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." 1989 Advisory Committee Notes to Fed. R. Crim. P. 41; see <u>In re: Search of the Office of Ken Tylman</u>, 245 F.3d at 980.

As a general matter, a person whose property is seized is entitled to its return after criminal proceedings have terminated. See <u>United States v. Duncan</u>, 918 F.2d 647, 654 (6th Cir. 1990); see also <u>United States v. Silva</u>, 2001 WL 1497782, 26 Fed. Appx. 544, 547 (7th Cir. 2001)(unreported opinion). Seizure of property from someone is prima facie evidence of that person's entitlement to it, <u>United States v. Maez</u>, 915 F.2d 1466, 1468 (10th Cir. 1990); see also <u>Silva</u>, 26 Fed. Appx. at 547, and an individual whose property has been seized is presumed to have a right to its return absent a showing by the government that it has a legitimate reason to retain the property. See <u>In re: Search of the Office of Tylman</u>, 245 F.3d 978, 980 (7th Cir. 2001); see also <u>Interstate Cigar Co. v. united States</u>, 928 F.2d 221, 224 (7th Cir. 1991).

Here in the instant case, the Government has no need for the seized property in question for any investigation or prosecution, and any further retention of the property would be generally unreasonable.

Motions for the return of property after criminal proceedings are routinely treated as civil equitable proceedings, whether they are filed under Federal Rules of Criminal Procedure 41(g) or as a civil suits challenging administrative

forfeiture proceedings. See **United States v. Howell**, 354 F.3d 693, 695 (7th Cir. 2004); **United States v. Duke**, 229 F.3d 627, 629 (7th Cir. 2000).

Defendant requests this Honorable Court to construe his Motion for return of property as a civil filing in which the burden is on the Government to explain why its continued retention of the seized property is reasonable. See **Interstate Cigar**, 928 F.2d at 224. Examples for the continuous retention of the property at issue here to be reasonable would include demonstrating that the property is contraband or showing a specific nexus between the property and a continuing criminal investigation, which the Government in this case cannot demonstrate.

WHEREFORE, all premise considered, Defendant prays that this Honorable Court direct the Government to return the property at issue.

Respectfully Submitted,

*Andrew Howard*

Andrew Howard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Return of Property was served upon the Clerk of Courts on the above date of filing.

Further, a true and correct copy of the foregoing Motion was served upon the Assistant United States Attorney.

Respectfully,

*[signature: Andrew Howard]*

Andrew Howard