UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HOWARD | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 848 |
| v. | ) | (95 CR 508-4) |
| | ) | |
| UNITED STATES OF AMERICA | ) | Honorable Harry D. Leinenweber |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
RETURN OF PROPERTY**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, hereby responds to defendant Andrew Howard's motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of property.[1] For the reason set forth below, this Court should deny defendant's motion.

**I.      BACKGROUND**

On or about February 8, 2008, defendant filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). In his motion, defendant alleges that on August 31, 1995, agents of the government seized property belonging to defendant at 425 East 89th Street, Chicago, Illinois. Defendant's Motion at 1. According to defendant, this property consisted of "a couple of hundreds of photographs." *Id*.

On August 30, 1995, defendant was named in an indictment that charged multiple counts

---

[1] To the extent that defendant's motion is characterized as a complaint or action, the government seeks in the alternative that such complaint or action be dismissed for the reason set forth herein.

related to the Gangster Disciples street gang. On August 31, 1995, defendant was arrested pursuant to a bench warrant. A superseding indictment was returned on December 5, 1996, and included multiple counts against defendant. On May 9, 1997, a jury found defendant guilty on all counts as charged in the superseding indictment, and a judgment of guilty was entered against defendant. *See* 95 CR 508-4 docket at R.331. Defendant was sentenced to life imprisonment on April 23, 1999. *See id*. at R.603. The Seventh Circuit Court of Appeals affirmed the conviction and sentence on April 12, 2001. *See United States v. Hoover*, 246 F.3d 1054 (7th Cir. 2001). Defendant's Motion was filed on or about February 8, 2008.

**II.     ARGUMENT**

This Court should dismiss defendant's motion as untimely. In *United States v. Sims*, 376 F.3d 705 (7th Cir. 2004), the Seventh Circuit established a six-year statute of limitations for motions under Federal Rule of Criminal Procedure 41(g), and held that the period "will run from the conclusion of the criminal proceedings." *Id*. at 709. *See also United States v. Bates*, 2004 U.S. Dist. LEXIS 27343 (N.D. Ill. December 21, 2004) (discussing dismissal of Rule 41(g) motion as untimely). Defendant filed his motion more than eight years after he was sentenced and more than six years after his appeal was denied. Accordingly, his motion is untimely and should be dismissed.

WHEREFORE, for the reason stated above, this Court should dismiss Defendant's Motion.

>Respectfully Submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By: /s/ Stephen Chahn Lee
>STEPHEN CHAHN LEE
>Assistant United States Attorney
>219 South Dearborn Street
>Fifth Floor
>Chicago, Illinois 60604
>(312) 353-4127

Dated: May 21, 2008